Mariano Alvarez Sobrino, demandante y apelante, *v.* The National City Bank of New York, San Juan, P. R. Branch, demandado y apelado.

No. 6137.—*Sometido:* Enero 18, 1934. *Resuelto:* Enero 24, 1934.

*R. H. Blondet* y *Samuel R. Quiñones,* abogados del apelante; *E. T. Fiddler* y *Jorge M. Morales,* abogados del apelado.

El Juez Presidente Señor Del Toro, emitió la opinión del tribunal.

Mariano Alvarez demandó al National City Bank of New York en cobro de mil dólares, intereses y costas, basándose en los siguientes hechos: Encarnación Alamo viuda de Ar-

mas, por mediación de Francisco Alamo Armas, el 27 de septiembre, 1927, convino en tomar a préstamo a Mariano Alvarez, el demandante, la suma de mil dólares y a tal efecto Francisco Alamo entregó a Mariano Alvarez un pagaré por dicha suma suscrito por Encarnación Alamo, y el demandante endosó a favor de la señora Alamo un cheque expedido el mismo día por Flores Alvarez & Co., S. en C., por la indicada suma a su favor y contra el American Colonial Bank del que es sucesor el banco demandado. El cheque fué endosado subsiguientemente, así: "Encarnación A. Vda. de Armas (Préstamo) Francisco Alamo Armas," y hecho efectivo por el American Colonial Bank a Francisco Alamo Armas.

Francisco Alamo pagó los intereses del préstamo, pero al vencerse la obligación y presentarla a la viuda de Armas para su cobro ésta alegó que no había autorizado el préstamo, ni suscrito la obligación, ni endosado el cheque, habiendo sido falsificada su firma por Francisco Alamo.

Requerido el demandado para que devolviera la suma satisfecha mediante endoso falsificado, se negó a ello, y surgió el pleito.

A la demanda opuso el banco demandado las excepciones de falta de hechos suficientes para determinar una causa de acción, prescripción de la acción ejercitada y cosa juzgada.

Resolviendo las excepciones, la corte de distrito se expresó en parte como sigue:

"En el acto de la vista de las excepciones previas, el demandante manifestó que para el caso de que fueran declaradas con lugar dichas excepciones, pedía que se dictara sentencia final y definitiva.

"No se alega directa y categóricamente en la demanda enmendada si el endoso de Encarnación Alamo Vda. de Armas, fué o no autorizado por ella, y, además, estimamos que en todo caso el banco sólo sería responsable al librador, o sea a Flores Alvarez & Co. S. en C., y no a endosantes subsiguientes.

"En cuanto a la excepción de prescripción, las acciones procedentes de cheques se extinguen a los tres años de su vencimiento, visto el artículo 950 en relación con el 548 del Código de Comercio; y habiéndose el cheque en este caso expedido por Flores Alvarez & Co.,

S. en C., el 27 de septiembre de 1927, y radicado la demanda el 2 de febrero de 1932, la acción de uno de los endosantes, o sea del demandante para cobrar del librado el importe de dicho cheque o reintegro del mismo, está prescrita.''

Registrada la sentencia, apeló de ella el demandante señalando en su alegato la comisión de tres errores cometidos a su juicio por la corte de distrito al declarar con lugar las excepciones y al desestimar la demanda.

██ No nos detendremos en el estudio del primer error señalado, ya que a nuestro juicio resulta claro que aunque la demanda adujera una buena causa de acción, ésta habría prescrito de acuerdo con los hechos y la ley.

La ley invocada por el demandado al alegar su excepción de prescripción y aplicada por la corte de distrito al resolverla, es el Código de Comercio, artículos 950 y 942 del mismo, que dicen:

"Art. 950.—Las acciones procedentes de letras de cambio se extinguirán a los tres años de su vencimiento, háyanse o no protestado.

"Igual regla se aplicará a las libranzas y pagarés de comercio, cheques, talones y demás documentos de giro o cambio, y a los dividendos, cupones e importe de amortización de obligaciones emitidas conforme a este Código.

"Art. 942.—Los términos fijados en este Código para el ejercicio de las acciones procedentes de los contratos mercantiles, serán fatales, sin que contra ellos se dé restitución.''

Sostiene el apelante que el precepto del artículo 950 no es aplicable a los cheques porque el término de prescripción se cuenta a partir de la fecha del vencimiento de la obligación y en el cheque no se fija tal fecha y argumenta, en parte, como sigue:

"Sentadas estas premisas, ¿qué fecha debe tomarse como base para determinar la prescripción de las acciones procedentes de un cheque? Lógicamente ninguna otra, sino la fecha en que dicho cheque se hace efectivo en el banco contra el cual fué librado. Esta es precisamente la fecha en que el cheque deja de ser un mero papel para convertirse en numerario, para hacerse efectivo.''

Y como de las alegaciones no resulta la fecha exacta en que se verificó el pago del cheque, concluye el demandante y apelante que no hay base en los autos para aplicar la prescripción.

No tiene razón a nuestro juicio el apelante. De los autos aparece la fecha en que el cheque fué librado y entregado, septiembre 27, 1927, y como el artículo 537 que figura en el título once, sección segunda que trata de los mandatos de pago llamados cheques, del Código de Comercio, dispone que: "El portador de un mandato de pago deberá presentarle al cobro dentro de los cinco días de su creación si estuviere librado en la misma plaza, y a los ocho días si lo fuere en otra diferente;" es evidente que el cheque de que se trata en este caso debe considerarse a más tardar vencido el 2 de octubre de 1927, siendo ésta la fecha más favorable al demandante a partir de la cual comienza a correr la prescripción en este caso, y como la demanda no fué archivada en el mismo hasta el 2 de febrero de 1932, claro es que ya había transcurrido el término de tres años que fija el artículo 950 del Código de Comercio que se ha transcrito.

La ley sobre instrumentos negociables aprobada en 1930 define en su artículo 186 el cheque como "una letra de cambio girada contra un banco y pagadera a su presentación" y prescribe en su artículo siguiente 187, que "el cheque deberá presentarse al pago dentro de un tiempo razonable después de su expedición."

En realidad de verdad la fecha del vencimiento de un cheque es la de su expedición y entrega. No necesita fijarse expresamente en el documento porque consta de su propia naturaleza. El cheque es pagadero a la demanda de su dueño y lo que hace la ley es fijar un término dentro del cual la demanda debe hacerse. Si el dueño no actúa dentro de él lo hace a su riesgo y a lo más a que puede llegarse al aplicar la ley de prescripción es a conceder al dueño el beneficio de ese término.

*Debe confirmarse la sentencia recurrida.*